UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH M. ENGEL, | ) |
| Petitioner, | ) |
| v. | ) No. 4:24-CV-00080 SPM |
| KELLY MORRISS, | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

Before the Court is Joseph M. Engel's motion for leave to proceed in forma pauperis, and application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. The Court has reviewed petitioner's motion and determined that petitioner is unable to pay the filing fee. The Court will therefore grant the motion. Additionally, the Court will deny and dismiss the petition because it is successive and was filed without authorization from the United States Court of Appeals for the Eighth Circuit. Finally, the Court will deny as moot petitioner's motion for appointment of counsel.

### Background

In July of 2019, petitioner pled guilty to multiple offenses, including burglary, property damage, and resisting arrest. *See State v. Engel,* No. 18JE-CR03639-01 (23rd Jud. Cir., Jefferson County Court).[1] On November 1, 2019, petitioner was sentenced to concurrent prison terms totaling ten years. The State court suspended execution of the sentences and placed petitioner on probation. He did not seek direct review. Petitioner was later found to have violated the conditions of probation, and on August 6, 2020, the State court revoked it and ordered the execution of the

---

[1] The Court takes judicial notice of the foregoing publicly-available Missouri State court records. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records).

previously-imposed sentences. Petitioner is currently incarcerated at the Algoa Correctional Center in Jefferson City, Missouri.

On December 28, 2020, petitioner filed a motion for post-conviction relief in Missouri State court. *See Engel v. State*, No. 21JE-CC00031 (23rd Jud. Cir., Jefferson County Court). The State moved to dismiss the motion as untimely. The case was dismissed on July 8, 2021, after petitioner failed to respond to the motion to dismiss. On March 22, 2022, petitioner filed an application for writ of habeas corpus in the Missouri Supreme Court. *See Engel v. State*, No. SC99540 (Mo. 2022). On May 17, 2022, the petition was denied.

On June 1, 2022, petitioner filed an application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 in this United States District Court, seeking to challenge the judgment entered in *State v. Engel,* No. 18JE-CR03639-01. *See Engel v. Webber,* No. 4:22-CV-598 AGF (E.D. Mo. 2022) (hereafter "*Engel I*"). Upon initial review, the Court determined that, regardless of whether petitioner challenged the November 1, 2019, conviction or the August 6, 2020, revocation and execution of sentence, the petition was untimely and subject to dismissal. The Court gave petitioner the opportunity to show cause why the petition should not be dismissed as untimely. Petitioner failed to demonstrate such cause, and on November 9, 2022, the Court dismissed the petition. *Id.*

Petitioner filed a second application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 24, 2023. *See Engel v. Webber*, No. 4:23-CV-392 AGF (E.D. Mo. 2023) (hereafter "*Engel II*"). He again challenged the judgment of conviction entered in *State v. Engel,* No. 18JE-CR03639-01, and asserted various claims for relief. For example, he claimed he received ineffective assistance of counsel when his attorney misrepresented facts about the plea agreement,

2

failed to obtain certain materials, lied, and committed other alleged wrongdoing. Petitioner also claimed his due process rights were violated because the judge failed to keep order in the courtroom and he could not focus on the proceedings, and he claimed the sentences he received were improper. Petitioner also claimed his *Miranda* rights were violated because he was not read his rights when he was arrested. Last, petitioner asserted that the petition was timely "under § 2254(d) in that his form-40 and subsequent filings were done after the revocation hearing, which is when the factual predicate of his claims was discovered." On June 5, 2023, the Court dismissed petitioner's application for writ as successive. *Id*. Petitioner appealed the dismissal to the Eighth Circuit Court of Appeals. *See Engel v. Webber*, No. 23-2908 (8th Cir. 2023). The Court of Appeals denied petitioner a certificate of appealability and dismissed the appeal on October 12, 2023. *Id.*

Petitioner filed the instant application for writ of habeas corpus on January 16, 2024. (hereafter "*Engel III*"). In his application for writ petitioner once again challenges the judgment of conviction entered in *State v. Engel*, No. 18JE-CR03639-01.[2] He asserts that he received ineffective assistance of counsel relative to the proposed plea agreement and when his attorney failed to show him certain materials that were turned over in discovery. Petitioner asserts that the judge in his criminal case gave him an improper sentence and failed to make sure he could participate in the video conferenced sentencing hearing. He also claims that his *Miranda* rights were violated because he was not read his rights when he was arrested. Petitioner also claims his due process rights were violated because the judge failed to keep order in the courtroom and he

---

[2]Petitioner asserts that his application for writ should be considered timely because he had no knowledge of the law and his lawyers lied to him. He additionally asserts that he discovered the factual predicate of his claim under § 2254(d) after filing his post-conviction motion for relief in state court. Petitioner believes that his statute of limitations should be "tolled" and *Engel I*, *Engel II* and *Engel III* should be considered timely filed.

could not focus on the proceedings, and he claims his due process rights were violated by "lying" public defenders. Last, petitioner alleges that he suffered from mental health issues during the sentencing hearing. *Id.*

**Discussion**

In the application for writ, petitioner challenges the same Missouri State court judgment he challenged in *Engel I* and *Engel II*. *Engel I* was an adjudication on the merits that renders future petitions under § 2254 challenging the same judgment "second or successive" petitions under 28 U.S.C. § 2244. Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive petition permitted by § 2244(b) is filed in this Court, the petitioner must obtain an order from the Eighth Circuit Court of Appeals authorizing this Court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). That requirement is jurisdictional. *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007).

There is no indication that petitioner has sought, much less obtained, the necessary authorization before filing the instant petition. As a result, the Court concludes it lacks jurisdiction to consider the petition. The Court finds it would not be in the interest of justice to transfer this case to the United States Court of Appeals for the Eighth Circuit and will instead dismiss the petition.

The Court has considered whether to issue a certificate of appealability. To issue a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th

4

Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Petitioner has made no such showing in this case, and the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED AS SUCCESSIVE**. A separate dismissal order will be entered herewith.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [ECF No. 3] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability.

Dated this 17th day of January, 2024.

                                            HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE